IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF TEXAS

BEAUMONT DIVISION

| | | |
|---|---|---|
| KENNETH ROSHAUN REID | § | |
| VS. | § | CIVIL ACTION NO. 1:17cv184 |
| T. RYAN | § | |

MEMORANDUM ORDER OVERRULING OBJECTIONS AND ADOPTING
THE MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION

Plaintiff Kenneth Roshaun Reid, an inmate formerly at the Federal Correctional Complex in Beaumont, Texas, proceeding *pro se* and *in forma pauperis*, brought the above-styled lawsuit.

The court referred this matter to the Honorable Zack Hawthorn, United States Magistrate Judge, at Beaumont, Texas, for consideration pursuant to applicable laws and orders of this court. The Magistrate Judge recommends the action be dismissed pursuant to FED. R. CIV. P. 4.

The court has received and considered the Report and Recommendation of United States Magistrate Judge filed pursuant to such referral, along with the record and pleadings. Plaintiff filed objections to the Magistrate Judge's Report and Recommendation. This requires a *de novo* review of the objections in relation to the pleadings and the applicable law. *See* FED. R. CIV. P. 72(b).

After careful consideration, the court concludes plaintiff's objections are without merit. For the reasons set forth in the Report, plaintiff has failed to provide an address at which the defendant may be served. The court's most recent attempt at service was returned unexecuted with the notation that the defendant was no longer employed at the Bureau of Prisons Beaumont facility. Accordingly, plaintiff's complaint should be dismissed pursuant to Rule 4. Alternatively, for the reasons set forth below, plaintiff's complaint fails to state a claim upon which relief may be granted.

Plaintiff filed this lawsuit against the defendant for excessive force, assault and battery pursuant to *Bivens v. Six Unknown Named Agents of the Federal Bureau of Narcotics*, 403 U.S. 388 (1971) (recognizing an individual's right to recover damages from federal officials for violation of constitutional rights). Plaintiff claims the defendant used excessive and unnecessary force against him while he was handcuffed and being escorted. Plaintiff claims defendant Ryan came from behind him and slammed his head and face into the wall, knocking him unconscious. Plaintiff claims the defendant then slammed him to the floor.

Under *Bivens*, a person may sue a federal agent for money damages when the federal agent has allegedly violated that person's constitutional rights. *Id.* In order to state a *Bivens* claim, a plaintiff must allege that an individual acting under federal law deprived him of a right secured by the United States Constitution. *Id*. at 395-397. However, *Bivens*, unlike 42 U.S.C. § 1983, is not a Congressional statute that "entitles an injured person to money damages if a state official violates his or her constitutional rights." *Ziglar v. Abbasi*, 137 S. Ct. 1843, 1854 (2017).

When confronting *Bivens* claims, a court generally "must ask two questions. First, do [the plaintiff's] claims fall into one of the three existing *Bivens* actions? Second, if not, should [it] recognize a new *Bivens* action here?" *Oliva v. Nivar*, 973 F.3d 438, 441 (5th Cir. 2020) (quoting *Cantu v. Moody*, 933 F.3d 414, 422 (5th Cir. 2019)).

"*Bivens* was the product of an '*ancien regime*' that freely implied rights of action." *Oliva,* 973 F.3d at 442 (citing *Ziglar*, 137 S. Ct. at 1855). "That regime ended long ago." *Id.* "Today, *Bivens* claims generally are limited to the circumstances of the Supreme Court's trilogy of cases in this area: (1) manacling the plaintiff in front of his family in his home and strip-searching him in violation of the Fourth Amendment, *see Bivens*, 403 U.S. at 389-90, 91 S. Ct. 1999; (2) discrimination on the basis of sex by a congressman against a staff person in violation of the Fifth

Amendment, *see Davis v. Passman*, 442 U.S. 228, 99 S. Ct. 2264, 60 L.Ed.2d 846 (1979); and (3) failure to provide medical attention to an asthmatic prisoner in federal custody in violation of the Eighth Amendment, *see Carlson v. Green*, 446 U.S. 14, 100 S. Ct. 1468, 64 L.Ed.2d 15 (1980)." *Id.* "Virtually everything else is a 'new context.'" *Id.* (citing *Ziglar*, 137 S. Ct. at 1865). "In the 40 years since *Carlson*, the Supreme Court has not approved of any other implied damages remedy under the Constitution." *Canada v. United States*, 950 F.3d 299, 306 (5th Cir. 2020). "[I]n *Abbasi* the Supreme Court strongly cautioned against extending *Bivens* to new contexts." *Brunson v. Nichols*, 875 F.3d 275, 279 at n.3 (5th Cir. 2017).

"The Supreme Court has recently reiterated that expanding the *Bivens* cause of action has 'become a disfavored judicial activity.'" *Watkins v. Three Admin. Remedy Coordinators of Bureau of Prisons*, 998 F.3d 682, 685 (5th Cir. 2021) (quoting *Hernandez v. Mesa*, ___ U.S. ___, 140 S.Ct. 735, 742, 206 L.Ed. 2d 29 (2020) (internal quotations omitted.)). There is a two part inquiry for determining whether to extend a *Bivens* cause of action: (1) "whether the request to extend *Bivens* involves a claim that arises in a new context or involves a new category of defendants" and (2) "whether there are any special factors that counsel hesitation about granting the extension." *Id.*

A. <u>New Context</u>

"The proper test for determining whether a case presents a new *Bivens* contest is" whether it is "different in a meaningful way from previous *Bivens* cases decided by" the Supreme Court. *Ziglar*, 137 S. Ct. at 1859. A meaningful difference may include the Constitutional right at issue, the statutory or other legal mandate under which the officer was operating, or the presence of potential special factors that previous *Bivens* cases did not consider. *Id.* at 1860. "[E]ven a modest extension is still an extension." *Id.* at 1864.

*Canada*, 950 F.3d at 307 ("Instead, the proper test is whether the case differs in a meaningful way from *Bivens, Davis*, or *Carlson*." (citing *Ziglar*, 137 S.Ct. at 1859; *see also Loumiet v. United States*, 948 F.3d 376, 381-82 (D.C. Cir. 2020))).

In this case, the use of excessive and unnecessary force is different in a meaningful way from the previous *Bivens* cases decided by the Supreme Court concerning unreasonable search and seizures, sexual discrimination, and failure to provide medical attention. Further, this case involves a claim to which *Bivens* has not been extended. While the Court has extended *Bivens* to the Eighth Amendment in a medical care case, *Bivens* has not been extended to excessive force cases under the Eighth Amendment. *See Harrison v. Nash*, 2021 WL 2005489 at *2 (S.D. Miss. Apr. 26, 2021). And, judicial guidance differs across the various kinds of Eighth Amendment violations. Therefore, this is a new context which would require an extension of *Bivens*. As set forth above, "even a modest extension is still an extension." *Abbasi*, 137 S. Ct. at 1864.

B.     Special Factors

Because this case involves a new context, the court must consider whether special factors counsel against recognizing a *Bivens* remedy. "[T]he existence of alternative remedies usually precludes a court from authorizing a *Bivens* action." *Abbasi*, 137 S. Ct. at 1865.

> "[A] *Bivens* remedy will not be available if there are 'special factors counselling hesitation in the absence of affirmative action by Congress.'" *Ziglar*, 137 S. Ct. at 1857 (quoting *Carlson*, 446 U.S. at 18). A special factor is a sound reason to think Congress might doubt the efficacy or necessity of a damages remedy as part of the system for enforcing the law and correcting a wrong. *Id*. at 1858. The court's focus is on maintaining the separation of powers: "separation-of-powers principles are or should be center to the analysis." *Hernandez*, 885 F.3d at 818 (quoting *Ziglar*, 137 S.Ct. at 1857). The only relevant threshold - that a factor "counsels hesitation" - is remarkably low. *See id.* at 822. If any special factors do exist, the "'courts must refrain from creating'" an implied cause of action in that case*. Maria S.*, 912 F.3d at 784 (quoting *Ziglar*, 137 S. Ct. at 1858).

4

*Canada*, 950 F.3d at 309.

A court's special factors "inquiry must concentrate on whether the Judiciary is well suited, absent congressional action or instruction, to consider and weigh the costs and benefits of allowing a damages action to proceed." *Abbasi*, 137 S. Ct. at 1857-58. In order to be considered a "'special factor counselling hesitation,' a factor must cause a court to hesitate before answering that question in the affirmative." *Id.* at 1858. As set forth above, the Fifth Circuit has described this "counseling hesitation standard as "remarkably low." *Canada*, 950 F.3d at 309.

When a plaintiff seeks to extend *Bivens* to a new context, courts consider whether alternative remedies are already available because "if there is an alternative remedial structure present . . ., that alone may limit the power of the Judiciary to infer a new *Bivens* cause of action." *Ziglar*, 137 S. Ct. at 1858. If Congress has created "'any alternative, existing process for protecting the [injured party's] interest' that itself may 'amoun[t] to a convincing reason for the Judicial Branch to refrain from providing a new and freestanding remedy in damages." *Id.* (quoting *Wilkle v. Robbins* 551 U.S. 537, 550 (2007)).

"'[L]egislative action suggesting that Congress does not want a damages remedy' counsels against judicial do-it-yourself projects. Congress paid loose attention to inmate constitutional claims when it enacted the [PLRA]. The Act 'does not provide for a standalone damages remedy against federal jailers.'" *Callahan v. Fed. Bureau of Prisons*, 965 F.3d at 520, 524 (6th Cir. 2020) (quoting *Abbasi*, 137 S.Ct. at 1865). That suggests a considered decision not to extend a damages remedy to excessive force claims.

The Supreme Court has never held that *Bivens* extends to Eighth Amendment excessive force claims. In fact, the Supreme Court has permitted only one "*Bivens* claim for prisoner mistreatment -

specially for failure to provide medical care." *Abbasi*, 137 S. Ct. at 1855. The court must take into account that both the Supreme Court and the Fifth Circuit have stressed that any extension of *Bivens* to new factual scenarios is now a disfavored judicial activity. *See Watkins*, 998 F.3d at 685. Further, as listed above, there are special factors weighing against such an extension in this case. Therefore, the court should decline creating an implied damages remedy for plaintiff's excessive force claim.

For the reasons set forth above, *Bivens* does not extend to the facts of this case, and plaintiff lacks a cause of action. Therefore, plaintiff's allegations fail to state a claim upon which relief may be granted. Further, as this dismisses all claims over which this court has original jurisdiction, the court should decline to exercise supplemental jurisdiction over any state law claims in accordance with 28 U.S.C. § 1367(c).

## O R D E R

Accordingly, plaintiff's objections are **OVERRULED**. The findings of fact and conclusions of law of the Magistrate Judge are correct and the report of the Magistrate Judge is **ADOPTED**. It is

**ORDERED** that the exercise of supplemental jurisdiction is **DECLINED** pursuant to 28 U.S.C. § 1367(c). A final judgment will be entered in this case in accordance with the Magistrate Judge's recommendations.

**SIGNED** this the **5** day of **October, 2021.**

_____
Thad Heartfield
United States District Judge